```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOSEPH O'DONNELL,<br>Individually and t/a TOP<br>GLOVE PROMOTIONS<br><br>                    Plaintiff,<br><br>       v.<br><br>OLEG SHALAYEV, Individually<br>and t/a OLEG SHALAYEV<br>PROMOTIONS, and NICOLAI<br>VALUEV<br><br>                    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 01-4721 (JBS)<br><br><br>**OPINION** |

APPEARANCES:

Gregory D. Saputelli, Esq.
Matthew Adam Green, Esq.
OBERMAYER, REBMANN, MAXWELL & HIPPEL
20 Brace Road
Suite 300
Cherry Hill, New Jersey 08034
     Attorneys for Plaintiff

Patrick Charles English, Esq.
Jason Matthew Santarcangelo, Esq.
DINES & ENGLISH, L.L.C.
685 Van Houten Avenue
Clifton, New Jersey 07013
     Attorneys for Defendant Valuev

Eugenie F. Temmler, Esq.
RABNER, ALLCORN, BAUMGART & BEN-ASHER, PC
52 Upper Montclair Plaza
PO Box 43416
Upper Montclair, New Jersey 07043
     Attorney for Intervenor Defendant Don King Productions, Inc.

**SIMANDLE**, District Judge:

   This matter comes before the Court on the motion of one

defendant, Nicolai Valuev, for summary judgment [Docket Item 67]

and the cross-motion of Plaintiff, Joseph O'Donnell, for summary judgment [Docket Item 73]. As explained below, the Court will grant Valuev's motion, in part, as to all claims against him arising under the parties' unenforceable agreement; deny Plaintiff's cross-motion for summary judgment; and deny Valuev's motion, in part, as to his request for legal fees.

## I. BACKGROUND

On October 10, 2001, Plaintiff, Joseph O'Donnell, individually and t/a Top Glove Promotions, filed a complaint seeking damages and injunctive relief against Defendants Oleg Shalayev, individually and t/a Oleg Shalayev Promotions,[1] and Nicolai Valuev,[2] grounded in several contract-based claims[3] relating to an "Exclusive Representation Agreement" ("Agreement") with Defendants and Arseny Berezin.[4]

---

[1] The Agreement identifies Shalayev as "Manager."

[2] Defendant Valuev, a seven foot, two inch, 330 pound professional boxer, is the former boxing champion of the Pan Asian Boxing Association ("PABA") and the current number eleven contender in the heavyweight division as ranked by the World Boxing Association ("WBA").

[3] Plaintiff's claims against all Defendants included: (1) breach of contract; (2) "breach of covenant of non-interference and non-circumvention"; and (3) breach of fiduciary duty. (Compl. at 18-30.) Plaintiff additionally brought claims for fraud, tortious interference with contract and tortious interference with prospective economic advantage directed at only Defendant Shalayev.

[4] Shalayev, Valuev and Berezin together comprised "The Russian Parties," as they were referred to in the Agreement. Berezin, referred to in the Agreement as "Consultant," terminated

Pursuant to the Agreement, the U.S. Parties were given the "exclusive right" to "represent" Valuev in the United States and worldwide, except Russia, and to "promote and manage fights" on Valuev's behalf in all countries worldwide, except Russia, "providing [Valuev] with financial, management, training and legal support as necessary." (Agreement at ¶ 3.)

This Court entered a default judgment against Defendants in February 2002, but vacated that Order in December of 2004 (the "December 2004 Opinion and Order") as to Valuev, after determining that the international service of process was deficient and that Valuev had a meritorious defense because the Agreement was likely illegal under the Muhammad Ali Boxing Reform Act, 15 U.S.C. § 6308(b)(1), and similar provisions in Nevada law, Nev. Admin. Code §§ 467.104 and 467.112 (2005), which the Court found to govern this contract dispute pursuant to the choice of law provision in the Agreement, <u>O'Donnell v. Shalayev</u>, No. 01-4721, 2004 WL 2958698 (D.N.J. Dec. 22, 2004).

Thus, the case was reopened as to Valuev, pretrial disclosures and discovery were completed, and on May 19, 2006, Valuev filed a motion for summary judgment against Plaintiff

---

his relationship with the Russian Parties under the Agreement on or about August 18, 2001.

The final party to the Agreement was Guennadi Synkov, O'Donnell's business partner. O'Donnell and Synkov together comprised "The U.S. Parties," as they were referred to in the Agreement.

[Docket Item 67]. On July 31, 2006, Plaintiff opposed that motion [Docket Item 72] and filed a cross-motion for summary judgment against Valuev [Docket Item 73].[5] For the following reasons, the Court will grant Valuev's motion for summary judgment, in part, and deny Plaintiff's cross-motion.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable

---

[5] On September 1, 2006, Plaintiff filed a motion to amend the complaint to add claims for unjust enrichment and equitable fraud and seeking imposition of a constructive trust. [Docket Item 75]. On that day, Plaintiff also moved for a preliminary injunction with temporary restraints, asking the Court to prevent Valuev from transferring money he might receive in connection with a bout scheduled for October 7, 2006, in Illinois and to name Plaintiff as Valuev's exclusive promoter, pending the outcome of this case. [Id.]. On September 21, Don King Productions moved to intervene in this action. [Docket Item 96]. On September 27, the Court heard oral argument on these motions and in an oral Opinion on that date [Docket Item 110], and Orders entered on September 28 [Docket Item 109] and October 2 [Docket Item 111], the Court granted the motion to intervene, denied the motion for a preliminary injunction and granted the motion to amend, only as to Plaintiff's unjust enrichment claim. Because the parties filed these summary judgment motions before the complaint was amended, this Opinion does not affect the added unjust enrichment claim.

inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552, 119 S. Ct. 1545, 143 L. Ed. 2d 731 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

The summary judgment standard does not change when, as here, the parties have filed cross-motions for summary judgment. See Appelmans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987). Cross-motions for summary judgment:

> are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

Transportes Ferreos de Venezuela II CA v. NKK Corp., 239 F.3d 555, 560 (3d Cir. 2001) (citing Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968)). If review of cross-motions for summary judgment reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts. See Iberia

Foods Corp. v. Romeo Jr., 150 F.3d 298, 302 (3d Cir. 1998) (citing Ciarlante v. Brown & Williamson Tobacco Corp., 143 F.3d 139, 145-46 (3d Cir. 1988)).

### III. DISCUSSION

#### A.  Valuev's Motion for Summary Judgment

The Court will grant Defendant Valuev's motion for summary judgment as to Plaintiff's claims against him (Counts One and Five of the Complaint)[6] because the Court finds the Agreement to be illegal as a matter of law and the Court cannot enforce any obligations arising under that Agreement.

The explicit purpose of the Agreement at issue here was for the U.S. Parties and the Russian Parties "to act . . . as a single management and promotional unit to," among other things, "promote [Valuev's] fights in the U.S.A. and worldwide." (Agreement at ¶ 1.)  Moreover, the Agreement purports to "grant to the U.S. Parties an exclusive right to represent [Valuev] in the United States and worldwide, except Russia, to promote and manage fights in the United States and worldwide, except Russia on behalf of [Valuev], providing him with financial, management, training and legal support as necessary."  (Id. at ¶ 3) (emphasis added).

Furthermore, the Agreement states that "[t]he U.S. Parties will designate its representatives to act as co-managers" so long

---

[6] See n.3, supra.

as Shalayev gives his consent on decisions relating to choice of opponents and venues, training schedules and routines, and financial arrangement of fights.  (Agreement at ¶ 4.2) (emphasis added).

As the Court indicated in its December 2004 opinion, O'Donnell v. Shalayev, No. 01-4721 at 22 n.17, Nevada law governs the interpretation of this Agreement.  Under Nevada law, a manager is someone who:

> (a) Undertakes to represent the interest of another person, by contract, agreement or other arrangement, in procuring, arranging or conducting a professional contest or exhibition in which such person is to participate as a contestant;
>
> (b) Directs or controls the professional unarmed combat activities of an unarmed combatant;
>
> (c) Receives or is entitled to receive 10 percent or more of the gross purse or gross income of any professional unarmed combatant for services relating to participation of the unarmed combatant in a professional contest or exhibition; or
>
> (d) Receives compensation for service as an agent or representative of an unarmed combatant.

Nev. Admin. Code § 467.0028 (2005).  A promoter is "any person who produces or stages any professional contest or exhibition." Nev. Admin. Code § 467.0031 (2005).  The law prohibits the intermingling of these managerial and promotional functions, which Plaintiff was obligated to perform under the express terms

7

of the agreement he seeks to enforce in this action:

> An unarmed combatant may not have a promoter or any of its members, stockholders, officials, matchmakers or assistant matchmakers:
>
> 1. Act directly or indirectly as his manager; or
>
> 2. Hold any financial interest in his management or his earnings from contests or exhibitions.

Nev. Admin. Code § 467.104.

This language directly prohibits paragraphs 1, 3, and 4.2 of the Agreement, quoted above, as well as paragraph 7.1 of the Agreement, which states that "The Russian Parties and the U.S. Parties agree that they shall share all net proceeds of any fight revenues, including the purse . . . ."[7]

In sum, the Agreement is an illegal contract because the parties planned to act as a unified promotional and managerial unit. (Agreement ¶ 1.1). The U.S. parties had an exclusive right "to promote and manage" Valuev's fights. (Agreement ¶ 3). And the "single management and promotional unit" agreed to "share

---

[7] However, whether the Court applies Nevada, New Jersey or federal law, the contract is illegal because it combines managerial and promotional functions and contemplates that Plaintiff would receive a financial benefit both as Valuev's promoter and as his manager. N.J.A.C. 13:46-23.7 (unlawful for promoter to have direct or indirect financial interest in manager's contract with athlete, with exception not relevant here), 15 U.S.C. § 6308(b)(1) (unlawful for promoter to have direct or indirect financial interest in boxer's management; unlawful for manager to have direct or indirect financial interest in promotion).

8

all net proceeds." (Agreement ¶ 7.1).  This Agreement violates not only the letter of Nevada law, but also its spirit, which is to promote the safety and welfare of professional boxers.[8]  Thus, the contract is void and contrary to public policy, <u>Clark v. Columbia/HCA Info. Servs., Inc.</u>, 25 P.3d 215, 224 (Nev. 2001) ("this Court will not enforce contracts that violate public policy"), and this Court will not enforce it.  As such, Valuev is entitled to a decision as a matter of law.  See <u>Hurd v. Hodge</u>, 334 U.S. 24, 34-35 (1948)("The power of the federal courts to enforce the terms of private agreements is at all times exercised subject to the restrictions and limitations of the public policy of the United States as manifested in the Constitution, treaties, federal statutes, and applicable legal precedents.  Where the enforcement of private agreements would be violative of that policy, it is the obligation of courts to refrain from such exertions of judicial power."); <u>Fields v. Thompson Printing Co.</u>, 363 F.3d 259, 268 (3d Cir. 2004) ("It is axiomatic that a court may refuse to enforce a contract that violates public policy."); <u>Martindale v. Sandvik, Inc.</u>, 173 N.J. 76, 99 (2002) ("Our courts have been steadfast in declining to enforce contracts that

---

[8] See also 15 U.S.C. § 6302 (one purpose of Muhammad Ali Act is "to improve and expand the system of safety precautions that protects the welfare of professional boxers"); N.J.S.A. 5:2A-2 (one purpose of New Jersey's "strict control and regulation" of boxing is to "[p]rotect the safety and well-being of participants").

violate the public policy of our State.").[9]

Plaintiff argues that New Jersey law applies to this dispute and requires the Court to consider extrinsic evidence when interpreting the contract and determining the intention of the parties. (Pl.'s Br. Opp'n Def.'s Mot. Summ. J. at 8-10); see also Conway v. 287 Corporate Ctr. Assocs., 187 N.J. 259, 270 (2006) ("[W]e permit a broad use of extrinsic evidence to achieve the ultimate goal of discovering the intent of the parties. Extrinsic evidence may be used to uncover the true meaning of contractual terms.")  Even if the Court were to apply New Jersey contract law and look at extrinsic evidence to discern the meaning of the Agreement, summary judgment for Defendant Valuev would still be appropriate because, viewing the facts in the light most favorable to Plaintiff, the parties clearly intended to give everyone a financial interest in the fighter's management *and* promotion; even if O'Donnell intended not to be involved in the management of Valuev (as he claims) and that intent were read into the Agreement, the Agreement would still be illegal under New Jersey or Nevada law because it created a prohibited financial arrangement.  See N.J.A.C. 13:46-23.7 (unlawful for promoter to have direct or indirect financial interest in

---

[9] Valuev also claims that summary judgment is appropriate because the agreement is indefinite and therefore void. As the Court noted in the December 2004 Opinion, this argument has no merit. O'Donnell, 2004 WL 2958698 at 24 n.20.

manager's contract with athlete); Nev. Admin. Code § 467.104(2) (promoter may not have any financial interest in fighter's management or earnings). See also Decl. of Patrick English Ex. 5 (letter from Pl. to Shalayev, acknowledging that it would be illegal for Shalayev to function as Valuev's manager because of his financial interests in promotion). It is legally irrelevant that the parties intended that Shalayev would be Valuev's manager and that all intended to "work together with a cooperative spirit, with each of them to perform different functions," as Plaintiff claims, (Pl.'s St. Undisp. Mat. Facts ("PUMF") ¶ 34), because the parties intended to divide the proceeds of all promotional arrangements, (PUMF ¶ 76) (Plaintiff confirming that parties intended "manager" Shalayev to share in promotion proceeds). Such agreements are void and unenforceable because of the financial interests they create for both the promotional and management parties, even assuming, as Plaintiff argues, the parties intended that those functions would be divided.

Regardless of whether the Court applies New Jersey or Nevada law, the Agreement is illegal and Valuev is entitled to summary judgment. Therefore, the Court will grant Valuev's motion for summary judgment as to Plaintiff's claims against him, which arise out of the Agreement (Counts One and Five of the

11

Complaint).[10]

### B. Plaintiff's Cross-Motion for Summary Judgment

Plaintiff seeks summary judgment determinations that (1) the Agreement is valid and enforceable in accordance with its terms in the United States and elsewhere; (2) even if certain provisions of the Agreement violate the Muhammad Ali Act, the Agreement is nevertheless fully enforceable as to any conduct occurring outside the United States because the Act only governs fights held in the United States; (3) the Agreement was never terminated by the Russian parties and is equitably reformed so that it remains in force for the entire period of Defendant Valuev's nonperformance; and (4) Valuev is not entitled to the protections of the Muhammad Ali Act because he is not a U.S. citizen. (Pl.'s Br. Cross Mot. Summ. J.)

The Court need not further address Plaintiff's first and second requests, seeking declarations of the validity and enforceability of the Agreement, because the Court has already determined that the Agreement is illegal and unenforceable. One note of clarification is necessary, however: Because the parties chose Nevada law (Agreement ¶ 12), and the Agreement is illegal under Nevada law, this Court will not enforce it regardless of where the alleged breaches occurred. Although, in general,

---

[10] The recently-added claim for unjust enrichment was not included in Valuev's motion and is not affected by this Opinion.

12

Nevada boxing regulations only apply to fights held there, Nev. Admin. Code § 467.007 (2005), in this case the parties to the Agreement chose to apply Nevada law to all their dealings under the Agreement. Thus, the issue of whether Nevada law applies does not depend on where any purported breaches occurred, but rather on the fact that the parties chose to apply Nevada law, a choice the Court must honor in accordance with New Jersey's choice of law principles. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 497 (1941).

The Court must also deny Plaintiff's cross-motion regarding his remaining claims. Plainly, the Court must deny Plaintiff's third request, which is to extend the Agreement, because the Agreement is void. Plaintiff's fourth requested declaration – that notwithstanding its violation of the Muhammad Ali Act the Agreement is nevertheless valid as to Valuev because he is not a U.S. citizen – similarly fails. Plaintiff directs his arguments at Congress's intent in enacting 15 U.S.C. § 6308; however, the Court has already determined that Nevada law applies, not federal law. Thus, Plaintiff's argument is beside the point.

A relevant argument might be that Nevada law applies but does not entitle Valuev to invoke it for his protection because he was not an intended beneficiary of that law. However, this argument would also fail. There is no exemption for foreign citizens in Nevada's boxing regulations. See Nev. Rev. Stat. §

13

467.070 (2005) (extending commission's jurisdiction over all bouts held in state, without reference to nationality of participants).  Valuev is an "unarmed combatant" within the meaning of Nevada law, and he is subject to Nevada's control and protection, to the extent the parties voluntarily applied Nevada law to their dealings.

> 1. Except as otherwise provided in subsection 3, "unarmed combatant" means any person who engages in unarmed combat[11] in a contest or exhibition, whether or not the person receives remuneration.
> 2. The term includes, but is not limited to, a contestant.
> 3. The term does not include:
> (a) Except as otherwise provided in NAC 467.785, an amateur boxer; or
> (b) A person who participates in a contest or exhibition that is exempt from the provisions of this chapter or chapter 467 of NRS pursuant to a specific statute or regulation, including, but not limited to, NRS 467.170 and 467.173.

Nev. Admin. Code § 467.0039 (2005); see also Nev. Rev. Stat. § 467.0108 (2005).  The boxing regulations explain that,

> The provisions of this chapter apply to all contests or exhibitions except as otherwise provided in:
> 1. A specific statute or regulation; or
> 2. An official rule that has been adopted by a sponsoring organization for a particular type of unarmed combat if the official rule has been approved by the Commission.

---

[11] "'Unarmed combat' means boxing, wrestling or any form of competition in which a blow is usually struck which may reasonably be expected to inflict injury." Nev. Adm. Code § 467.030 (2005); Nev. Rev. Stat. § 467.0107 (2005).

Nev. Admin. Code § 467.007 (2005). Plaintiff makes no argument that any of these exceptions apply to Valuev. Because the parties chose this law for the Agreement, it governs the Agreement's enforceability.

### C. Valuev's Request for Legal Fees

One issue remains. As part of his motion for summary judgment, Defendant Valuev claims that the Muhammad Ali Act entitles him to legal fees from Plaintiff. The Muhammad Ali Act provides, in relevant part:

> Any boxer who suffers economic injury as a result of a violation of any provision of this Act may bring an action in the appropriate Federal or State court and recover the damages suffered, court costs, and reasonable attorneys fees and expenses.

15 U.S.C. § 6309(d). Valuev has a counter-claim under the Muhammad Ali Act against Plaintiff still pending in this action. Under the terms of the statute, Valuev may recover legal fees only if he proves that he suffered economic injury as a result of a violation of the Act. Although the Act appears to prohibit the agreement Plaintiff sought to enforce in this case, in granting summary judgment to dismiss Plaintiff's contract claims the Court has relied on Nevada law and has not made any findings regarding injury to Valuev. Thus, there has been no determination that Valuev suffered economic injury because of violation of the Muhammad Ali Act, a prerequisite to the grant of legal fees under 15 U.S.C. § 6309(d). At this point, there are questions of

material fact as to whether Valuev is entitled to that relief and this aspect of Valuev's motion for summary judgment will be denied.

The accompanying Order will be entered.

**October 26, 2006**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge